**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PARADISE RIDGE DEFENSE
COALITION,

Plaintiff-Appellant,

v.

PETER J. HARTMAN, in his official
capacity as Division Administrator for the
Idaho Division of the Federal Highway
Administration; et al.,

Defendants-Appellees.

No.  17-35848

D.C. No. 1:16-cv-00374-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted November 6, 2018
Portland, Oregon

Before:  FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

The Paradise Ridge Defense Coalition (Coalition) appeals the district court's ruling that the Federal Highway Administration (FHWA) and the Idaho Transportation Department (IDT) did not violate the National Environmental Policy Act (NEPA) or other environmental requirements, *see* 23 C.F.R. § 771.125; Executive Order 11,990, in selecting an alternative for construction of a new segment of Highway US-95 south of Moscow, Idaho.

The FHWA took the "hard look" that NEPA requires, *see Nat. Res. Def. Council. v. U.S. Forest Serv.*, 421 F.3d 797, 810–11 (9th Cir. 2005), and the agency's decision was not arbitrary or capricious under the Administrative Procedure Act, *see Or. Nat. Desert Ass'n v. Jewell*, 840 F.3d 562, 568 (9th Cir. 2016). We reject the Coalition's multiple arguments to the contrary. First, the FHWA's reliance on the Highway Safety Manual for predicting the relative safety of each alternative route was reasonable given that it is the industry standard for highway safety, and the Coalition does not argue that the FHWA should have used an alternative methodology. *See Idaho Wool Growers Ass'n v. Vilsack*, 816 F.3d 1095, 1107–08 (9th Cir. 2016). The FHWA disclosed that the methodology did not yield confidence intervals for each of the proposed alternatives, and the FHWA also exercised engineering judgment in its evaluation of the proposed alternatives. Further, the FHWA provided a "reasonably thorough discussion" of the risk and

2

severity of collisions between vehicles and wildlife, as well as mitigation measures to decrease the risk of those collisions. *See Neighbors of Cuddy Mountain v. U.S. Forest Serv.*, 137 F.3d 1372, 1376 (9th Cir. 1998).

Second, the FHWA did not make "an irreversible and irretrievable commitment of resources" before completing its analysis, *see Metcalf v. Daley*, 214 F.3d 1135, 1143 (9th Cir. 2000), and so did not impermissibly predetermine the outcome of the NEPA analysis. Nor did the FHWA err in considering one route from each geographic corridor, because the routes within each geographic corridor had substantially similar consequences, and NEPA "does not require a separate analysis of alternatives which are not significantly distinguishable from alternatives actually considered, or which have substantially similar consequences." *See Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.*, 914 F.2d 1174, 1181 (9th Cir. 1990). The FHWA also discussed the mitigation measures for invasive weeds "in sufficient detail to ensure that environmental consequences [had] been fairly evaluated." *See Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 352 (1989).

Finally, to the extent the Coalition argues that the IDT violated NEPA, we also reject those arguments because NEPA applies to federal agencies, not state

agencies, *see* 42 U.S.C. § 4332, and regardless, the agencies' actions did not violate NEPA for the reasons explained above.

Nor did the FHWA violate its regulation requiring prior concurrence in a final Environmental Impact Statement under certain circumstances. *See* 23 C.F.R. § 771.125. The FHWA determined that prior concurrence was not necessary for this project, and we afford "substantial deference" to an agency's interpretation of its own regulations, *see Dep't of Health & Human Servs. v. Chater*, 163 F.3d 1129, 1133 (9th Cir. 1998).

The FHWA complied with Executive Order 11,990 by (among other things) considering the wetlands impact alongside other pertinent factors, such as highway safety, and outlining mitigation plans to minimize the impact to wetlands. Executive Order 11,990 contemplates a balancing of factors, and the FHWA's selection of alternative E-2 is supported by the record and is not arbitrary, capricious, or an abuse of discretion. *See Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 (9th Cir. 1980).

**AFFIRMED.**